IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY STEVE DAVIS,

   Petitioner,

v.            Civil Action No. 1:07cv13
               (Judge Keeley)

JOE DRIVER,

   Respondent.

## PRELIMINARY REPORT AND RECOMMENDATION

On January 30, 2007, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. This case is before the Court for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

### I. Claims of the Petition

In the petition, petitioner asserts the following grounds for relief:

(1) his unit counselor refuses to process administrative remedy forms, forwarding them to the warden;

(2) medical services have a waiting list of years to see medical staff unless you are assaulted or stabbed;

(3) unit is improperly supervised by staff members that allow other inmates from other units to roam at will which resulted in the death of an inmate from another unit;

(4) inmates must wear handmade body armor that consists of hardback book covers and several layers of clothing to ward off assault or attack,

(5) petitioner is improperly classified at a high category even though he served 65% of his sentence;

(6) psychological services refuses to admit petitioner into the drug program or provide any stress-free exercise;

(7) petitioner's sentence is improperly calculated for 924(c) already served, now currently serving another term.

## II.  Analysis

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Thus, a challenge related to the calculation of a prisoner's sentence is properly brought under § 2241 because it affects the length of his or her confinement.  Id. at 487.  However, constitutional claims are clearly civil in nature and in and of themselves do not affect the length of petitioners' sentence.  Therefore, those claims are not properly raised pursuant to 28 U.S.C. § 2241.  Id.  Instead, constitutional claims should be raised by way of a civil rights complaint and be subject to the $350 filing fee required for such cases.

Here, Petitioner's claim in ground seven that the Bureau of Prisons has improperly calculated his 924(c) sentence is cognizable on federal habeas review because it affects the length of his sentence.  However, Petitioner's claims related to the processing of administrative remedy forms, waiting lists in the medical unit, improper unit supervision, handmade body armor, classification categories and admittance into the drug program, are civil claims that do not affect the fact or duration of confinement.  Thus, those claims are not properly raised pursuant to § 2241.

## III.  Recommendation

For the foregoing reasons, the undersigned recommends that petitioner's claims regarding the conditions of his confinement, found in grounds one through six of the petition, be DISMISSED

WITHOUT PREJUDICE to his right to raise those issues in a civil rights complaint. However, the undersigned recommends that Petitioner's ground seven, involving the proper calculation of his § 924(c) sentence, be SERVED upon the Respondent and that the Respondent be directed to show cause why the writ should not be granted as to that ground.[1]

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk shall send a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 14, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Local Rule of Prisoner Litigation 83.10, "[t]he Clerk shall deliver or serve a copy of the petition on the respondent via first-class mail." Moreover, pursuant to Rule 4 of Federal Rules of Civil Procedure, service shall be made upon the United States by sending a copy of this Order and a copy of the complaint to the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States in Washington, D.C., by certified United States mail, return receipt requested. The Respondent shall have 30 days in which to answer or otherwise respond to the petition. See LR PL P 83.11.