# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROY STEVE DAVIS,**

    **Petitioner,**

**v.**                                     **Civil Action No. 1:07cv13**
                                                 **(Judge Keeley)**

**JOE DRIVER,**

    **Defendants.**

## ORDER DENYING MOTION FOR TRANSFER
## AND APPOINTMENT OF COUNSEL

On January 30, 2007, *pro se* petitioner, Roy Steve Davis, filed the above-styled habeas corpus action pursuant to 28 U.S.C. § 2241. On March 14, 2007, the undersigned filed a preliminary report and recommendation which was adopted on October 24, 2007. Accordingly, six of the issues raised in the petition have been dismissed without prejudice because they assert civil rights claims which are not properly raised in a § 2241 petition. The remaining issue has been served with an order to show cause.

On November 9, 2007, the petitioner filed a Motion seeking transfer from USP Lee claiming that he was attacked at that facility and remains incarcerated at the same institution with his son's murderer. In addition, the petitioner seeks the appointment of counsel.

18 U.S.C. §3621(b) provides that "[the Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate..." Furthermore, the transfer

of a convicted and sentenced inmate is within the sound discretion of the Bureau of Prisons. Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, this Court does not have the authority to transfer an inmate.

Furthermore, in contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The petitioner has failed to demonstrate that his current circumstances require the appointment of counsel for him to pursue his habeas corpus petition. Thus, the Court finds that appointment of counsel is not necessary in order for the petitioner to adequately pursue his petition.

Accordingly, the petitioner's Motion for Transfer and Appointment of Counsel (Doc. 11) is hereby DENIED.

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Order to the pro se petitioner and counsel of record..

DATED: November 27, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE