# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY STEVE DAVIS,

      Petitioner,

v.                          CIVIL ACTION NO. 1:07cv13
                                   (Judge Keeley)

JOE DRIVER,

      Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2241

### I. Procedural History

On January 30, 2007, Roy Davis [hereinafter referred to as "petitioner"], a federal prisoner, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On March 14, 2007, the undersigned conducted an initial review and recommended that six of the petitioner's claims be dismissed without prejudice to his right to raise those issues in a civil rights complaint. In addition, the undersigned recommended that the petitioner's seventh claim, involving the proper calculation of his 924(c) sentence be served upon the respondent which directions that he show cause why the writ should not be granted. On October 24, 2007, the Court adopted the Preliminary Report and Recommendation, dismissed without prejudice grounds one through six of the petition, and ordered that the remaining ground be served.

On December 27, 2007, the respondent filed his response to the Order to Show Cause with an attached Exhibit. On January 16, 2008, the petitioner filed a reply to the response. Accordingly, this matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

## II. Issues Presented

### A. The Petition

The petitioner is challenging the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. More specifically, the petitioner claims that his sentence has been improperly calculated as it related to his conviction under 18 U.S.C. § 924(c). In support of this claim the petitioner asserts that the BOP requires that § 924(c) sentences be served before another term of imprisonment and, therefore, he has not received the appropriate amount of good conduct time credit toward his sentence. In addition, the petitioner alleges that the BOP improperly aggregated his sentences resulting in an erroneous calculation of good time credits. The petitioner also seeks credit against his sentence for time spent in custody in the Alexandria Detention Center in Virginia.

### B. The Response

The respondent argues that the petitioner should be dismissed because the petitioner failed to exhaust his administrative remedies. In addition, the respondent argues that BOP policy does not require that the petitioner's §924(c) sentence be served before another term of imprisonment. Furthermore, the respondent contends that the BOP properly combined petitioner's 262-month sentence and his 60-month sentence to create a single aggregate term of 322 months. Finally, the respondent argues that the petitioner has received all good time credits to which he is entitled for the time spent in presentence custody.

### C. Petitioner's Reply

In his reply, the petitioner denies that he failed to exhaust his administrative remedies and appears to assert that he was prevented from pursuing his administrative remedies because of

frequent lockdowns,  In addition, the petitioner denies that the BOP correctly computed his § 924 sentence.

### III. Material Facts

The petitioner was sentenced on May 25, 1990, in the United States District Court for the Eastern District of Virginia to a two hundred sixty two (262) month term of incarceration for Bank Robbery; Assault and Put in Jeopardy Lives of Others by Use of a Dangerous Weapon in violation of 18 U.S.C. § 2113(a) and (d).  (Doc.17-2, p. 7-8 ).  The court also imposed a consecutive sixty (60) month term of imprisonment for Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). (Id.).

In accordance with 18 U.S.C. § 3585(c), the BOP prepared a sentence computation for the petitioner which combined his consecutive sentenced into a single aggregate term of three hundred twenty-two (322) months.  (Doc. 17-2, p. 10).  Under this computation, the petitioner's aggregate term commenced May 25, 1990, the date his sentence was imposed.  In addition, the petitioner received presentence credit from January 18, 1990, the date on which he was arrested on the instant offense, through May 24, 1990, the day before the commencement of his sentence.  (Doc. 17-2, p. 2).

Pursuant to 18 U.S.C. § 3624(b), the petitioner earns good conduct time at the rate of fifty four (54) days per year for each year served.  To date, the petitioner has had three hundred seventy three (373) days disallowed for disciplinary infractions.  (Doc. 17-2, p. 18).

Based on this computation, the petitioner's full term release date is November 17, 2016, and his projected release date is April 25, 2014, via good conduct time release.  (Doc. 17-2, p. 18). The petitioner's projected release date includes nine hundred thirty seven days of good conduct time he has already earned and is projected to earn on the time remaining on his sentence. (Id.).

## IV.  Discussion

**A.  Exhaustion of Administrative Remedies**

Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.  Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3rd Cir. 1981) (*per curiam*); United States of America v. Mercado, 37 Fed. Appx. 698 4th Cir. 2002) (unpublished);  United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986) cert denied, 479 U.S. 1056 (1987).

The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).  If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9),within 20 calendar days of the date of the occurrence on which the complaint is based.   If an inmate is not satisfied with the Warden's response, he may appeal to the regional director of the Federal Bureau of Prisons (BP-10) within 20 calendar days of the Warden's response.  Finally, if the prisoner has received no satisfaction,  he may appeal to the office of the General Counsel (BP-11) within 30 calendar days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.     28 C.F.R. § 542.10-542.15;  Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

The petitioner herein has submitted a total of 129 administrative remedies since his incarceration but has not filed any administrative remedies pertaining to his sentence. (Doc. 17-2, p. 4). Accordingly, the instant petition could be dismissed without prejudice for failure to exhaust administrative remedies.   However, even if the petitioner had exhausted his administrative remedies, his petition would still be due to be dismissed for failure to state a claim upon which relief can be granted.

**B. Computation of the Petitioner's Sentence**

The petitioner alleges that the BOP has incorrectly computed his sentence because his "§924(c) sentence must be served before another term of imprisonment." However, under BOP policy, multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment. See BOP Policy Statement 5880.28. The petitioner's sentence from the United States District Court for the Eastern District of Virginia, specifically provided that "[t]his term of imprisonment consists of a term of two hundred sixty-two (262) months as to count I...and a term of sixty (60) months as to count II  to be served consecutive to the term imposes as to count I..." (Doc. 17-2, p. 8). Accordingly, in conformity with the judgment of the Court and its own policy, the BOP properly combined the petitioner's sentences to a created a single aggregate term of 322 months, and there is no error in the computation of his sentence.[1] Furthermore, the petitioner fails to indicate how the aggregation of his sentence has resulted in a longer sentence than that imposed by the sentencing court.

**3. Presentence Custody**

The petitioner seeks additional "good-time" credit on his sentence for the time he spent in confinement at the Alexandria Detention Center to present. However, the petitioner has already received the very credit he is seeking.

---

[1]The undersigned notes that both the petitioner and respondent cite to United States v. Gonzales, 520 U.S. 1 (1997), in which the Supreme Court held that "the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." The sentence in this case did not violate that prohibition, and the Court's ruling in that case appears to have no application to this matter.

As noted by the petitioner, federal offenders are entitled to credit for time spent in custody before the imposition of their sentence. Title 18 U.S.C. § 3585(b) governs the award of credit toward a federal sentence and states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not ben credited against any other sentence.

The petitioner's aggregate term of imprisonment began on May 25, 1990, the date it was imposed. (Doc. 17-2, p. 2). In addition, in compliance with 18 U.S.C. § 3585(b), the petitioner received presentence credit from January 18, 1990, the date on which he was arrested on the instant offense, through May 24, 1990, the date prior to imposition and commencement of his sentence. (Doc. 17-2, p. 16). Finally, the petitioner received good time credits in the amount of 54 day for his first year of incarceration, which included the time spent in the custody of the State of Virginia. (Doc. 17-2, p. 3). Therefore, the petitioner has received all the credits to which he is entitled, and no error has been made in his sentence computation.

## V. Motion for Temporary Restraining Order

On November 13, 2007, the petitioner filed a Motion for an Order to Show Cause and Restraining Order. In support of his motion, the plaintiff alleges that he was violently assaulted by several inmates on October 19, 2007 at USP Lee County in Jonesville, Virginia.

The standard for preliminary injunctions in the Fourth Circuit is established by Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Four factors must be considered:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

Given that the petitioner seeks relief for the alleged violation of his civil rights, the same is not properly raised in this § 2241 petition. Furthermore, the petitioner is seeking relief against individuals at a penitentiary in Virginia, and this Court is without jurisdiction over matters at that facility.[2]

## VI. Recommendation

Based on the foregoing, it is recommended that the remaining issues raised in the petition filed on January 30, 2007 be **DISMISSED WITH PREJUDICE** and the Motion for Order to Show Cause and Temporary Restraining Order (Doc. 12) be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to seek relief in the appropriate District Court.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the

---

[2]The undersigned recognizes that a prisoner's transfer to a facility outside its jurisdiction does not deprive it of continuing jurisdiction of a habeas petition. However, just as he did in his initial petition, the petitioner is raising a claim that is clearly civil in nature that must be raised by way of a civil rights complaint and be subject to the $350.00 filing fee required for such cases.

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

      The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.       .

      Dated: April 22, 2008

        /s/ James E. Seibert  
      **JAMES E. SEIBERT**  
      **UNITED STATES MAGISTRATE JUDGE**